IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Matthew Scott, individually and on behalf of all those similarly situated | § § § | |
| Plaintiff, | § | Civil Action Number: _____ |
| v. | § § | |
| LNC Ventures, LLC d/b/a Souper Salad | § § | Jury Demanded |
| Defendant | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

Matthew Scott ("**Scott**" or "**Plaintiff**") individually and on behalf of all others similarly situated ("**Class Members**") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

### A.  Nature of Suit.

1.  The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA requires the payment of a minimum wage and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." Walling v. Helmerich & Payne, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

but nontipped work, such as general preparation work or cleaning and maintenance, then the employer may not take the tip credit for the amount of time the employee spends performing those duties.

## B.  Parties.

7.  Plaintiff is an individual residing in the Eastern District of Texas.  In the three-year period preceding the filing of this action, Plaintiff was employed by Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.  At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Plaintiff's written consent to become a party plaintiff is attached hereto as Exhibit "A."

8.  The putative Class Members are individuals that were employed by Defendant in the three-year period preceding the filing of this action, were paid as tipped employees, performed nontip-producing duties for a substantial amount of time each day and were not paid minimum wage or overtime in compliance with the FLSA. At all times hereinafter mentioned, the Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9.  Defendant LNC Ventures, LLC d/b/a Souper Salad ("**Defendant**" or **Souper Salads**") is a Texas limited liability company engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is

but nontipped work, such as general preparation work or cleaning and maintenance, then the employer may not take the tip credit for the amount of time the employee spends performing those duties.  See Exhibit "B" attached hereto.

## B.  Parties.

7.  Plaintiff is an individual residing in the Eastern District of Texas.  In the three-year period preceding the filing of this action, Plaintiff was employed by Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.  At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Plaintiff's written consent to become a party plaintiff is attached hereto as Exhibit "A."

8.  The putative Class Members are individuals that were employed by Defendant in the three-year period preceding the filing of this action, were paid as tipped employees, performed nontip-producing duties for a substantial amount of time each day and were not paid minimum wage or overtime in compliance with the FLSA. At all times  hereinafter  mentioned,  the Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9.  Defendant LNC Ventures, LLC d/b/a Souper Salad ("**Defendant**" or **Souper Salads**") is a Texas limited liability company engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is

obligated to ensure that all employees are paid in accordance with the FLSA.
Defendant may be served by serving its registered agent National Registered
Agents, Inc. 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201 or wherever its
registered agent may be found.

### C. Jurisdiction and Venue.

10. Venue of this action is proper in this district and division because the majority of
the events giving rise to the cause of action alleged herein occurred in this division
and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. §
1391.

11. Defendants carry on substantial business in the Eastern District of Texas and have
sufficient minimum contacts with this state to be subject to this Court's
jurisdiction.

12. This Court has jurisdiction over this case pursuant to the District Court's
federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case
is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

### D. Coverage.

13. At all material times, Defendant has acted, directly or indirectly, in the interest of
an employer with respect to Plaintiff and the Class Members.

14. At all times hereinafter mentioned, Defendant has been an employer within the
meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Defendant has been an enterprise within the
meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all times hereinafter mentioned, Plaintiff and the Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18. Plaintiff was employed by Defendant within the applicable statute of limitations.

## E.  Factual Allegations.

19. Founded in 1978, Souper Salad is an operator of 39 company-owned and 6 franchised all-you-care-to-eat soup and salad bar family restaurants in seven states located predominantly in the South and West (each a "**Location**" and collectively the "**Locations**").

20. Plaintiff and the Class Members are relatively low paid laborers who work in a high stress restaurant environment.

21. During his employment with Defendant, Plaintiff was employed primarily in a "wait staff" position.

22. Defendant requires and required Plaintiff and the Class Members who are "tipped" employees to perform work outside of their job description without the possibility of earning tips for such work and failed to pay them minimum wage as required by the FLSA.

23. Such work includes and included, but is not limited to, general preparation, set up, cleaning and maintenance.

24. Defendant has and continues to willfully violate the FLSA by not paying Plaintiff and similarly situated present and past employees of Defendant their (1) minimum wage, and (2) overtime pay.

25. Defendant has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to compensate its employees who performed non-tip related duties in a manner consistent with non-tip related employees.

26. Plaintiff has retained the Law Office of Chris R. Miltenberger, PLLC to represent him in this litigation and has agreed to pay a reasonable fee for its services.

### F.   Collective Action Allegations.

27. Other employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA.  Some of these employees have worked with Plaintiff and have reported that they were paid in the same manner as Plaintiff, i.e., required to perform non-tipped duties but paid as if they were a tipped employee. Thus, from discussion with these employees, Plaintiff is aware that the illegal

practices or policies of Defendant have been uniformly imposed on the Class Members.

28. The Class Members performed job duties typically associated with non-exempt employees.  Their duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees were subject to the "tip credit" regardless of the duties they performed and the length of time they performed those duties.

29. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

30. Defendant's failure to pay compensation at the rates required by the FLSA is based on Defendant's generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.  Thus, Plaintiff's experiences are typical of the experience of the Class Members.

31. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment.  All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid the minimum wage and/or overtime compensation for hours worked in excess of 40 hours per week.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact are common to Plaintiffs and the Class Members.

32. The class of similarly situated Plaintiffs is properly defined as follows:

    a. All "tipped employees" employed by Defendant at any of its Locations in the three years prior to the filing of this lawsuit who were/are paid less than the hourly minimum wage (as defined by the FLSA), yet were and are required to perform a substantial amount of time performing nontip-producing duties such as general preparation and/or maintenance work from which they do not earn tips, and who are not paid (1) at least the hourly minimum wage while performing these duties; and/or (2) overtime for all hours over forty in a workweek at the rate of time and one half the regular rate.

33. Plaintiffs bring this action on behalf of similarly situated employees employed at any of the Locations.

34. As a collective action, Plaintiffs seek this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

### G. Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.

35. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

36. Plaintiff brings this FLSA claim on behalf of himself and the class of all similarly situated persons tipped employees who were and are paid less than the minimum wage (as defined by FSLA), who are required to perform a substantial amount of their shift performing general preparation and/or maintenance work from which they do not earn tips and who are not paid at least the hourly minimum wage while performing these duties and/or time and one half if they performed more than 40 hours in a workweek.

37. The duties and activities of the Class Members were essentially the same as the duties and activities of the Plaintiff described above. At all times relevant herein all of the Class Members were paid in substantially the same manner and under the substantially same employment procedures and practices as the Plaintiff.

38. The Class Members who are/were tipped employees, like the Plaintiff, are or were all subject to the same policy or plan to require them to perform duties without the possibility of earning tips.

39. During the relevant period, Defendant has violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, without compensating such employees for their work at the minimum wage and for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

40. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiff and the Class Members.

41. Defendant did not act in good faith and/or have reasonable grounds for a belief that its actions did not violate the FLSA nor did it act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

## H. Jury Demand.

42. Plaintiff demands a trial by jury herein.

## I. Relief Sought.

43. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those

who consent to be opt-in plaintiffs in this collective action recover from Defendant

the following:

   a. An Order recognizing this proceeding as a collective action pursuant to
   Section 216(b) of the FLSA and appointing Plaintiff and his counsel to
   represent the Class Members;

   b. An Order requiring Defendant to provide the names, addresses, email
   addresses and telephone numbers of all potential Class Members;

   c. An Order approving the form and content of a notice to be sent to all
   potential Class Members advising them of the pendency of this litigation
   and of their rights with respect thereto;

   d. Compensation for all hours worked at a rate not less than the applicable
   minimum wage;

   e. Overtime compensation for all unpaid hours worked in excess of forty
   hours in any workweek at the rate of one-and-one-half times their regular
   rates;

   f. All unpaid wages and overtime compensation;

   g. An award of liquidated and/or punitive damages pursuant to 29 U.S.C §
   216;

   h. Reasonable attorney's fees, expert fees, costs, and expenses of this action as
   provided by the FLSA;

   i. Pre-judgment and post-judgment interest at the highest rates allowed by
   law; and

j.    Such other relief as to which Plaintiff may be entitled.

Dated this /9 ᵗʰ day of November, 2013.

Respectfully submitted,

By: Chris R. Miltenberger
The Law Office of Chris R. Miltenberger, PLLC
Texas Bar Number: 14171200
1340 N. White Chapel, Suite 100
Southlake, Texas 76092
(817) 416-5060
(817) 416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff

## NOTICE OF CONSENT

I, Matthew Scott, consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act from Defendant LNC Ventures, LLC d/b/a Souper Salad and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act.

I agree to be represented by Chris R Miltenberger of the Law Office of Chris R. Miltenberger, PLLC.

Date: _9/10/2013_____     Signature: _Matthew Scott_____

Printed Name: _Matthew   Scott_____

**Consent to be Party Plaintiff**

Exhibit A to Complaint