# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **Matthew Scott, individually and on Behalf of all those similarly situated** § § § | | |
| **Plaintiff,** § § | **Civil Action No. 4:13-cv-00685** | |
| **v.** § § | **Jury Demanded** | |
| **LNC Ventures, LLC d/b/a Souper Salad** § § | | |
| **Defendant.** § | | |

## JOINT RULE 26(f) CONFERENCE REPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. Pursuant to Federal Rules of Civil Procedure 26(f) and this Court's order, a meeting was held on March 10, 2014 and was attended telephonically by: Chris R. Miltenberger, Attorney for Plaintiff, and Jennie Knapp, an Attorney for Defendant. Counsel conferred to consider the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution.

2. Pre-Discovery Disclosures. The parties have agreed to make their disclosures by exchange of the information required by Federal Rule of Civil Procedure 26(a)(1) by April 9, 2014. Without waiving Plaintiff's right to later request information and documents regarding putative class members, the parties agree that with regard to personnel files and hours worked such disclosures shall be limited at this time to information and documents which are relevant to the claims brought by Matthew Scott in his individual capacity only.

3. Discovery Plan. The parties agree that discovery shall proceed simultaneously on liability and damages. The parties agree to follow the standard deadlines for most cases as set

forth in the Proposed Scheduling Order Deadlines attached hereto. However, if the Court certifies a class of person similarly situated to the named Plaintiff, the parties agree that they will revisit the discovery plan and that additional time may be needed for discovery and additional motion practice.

4. Protective Orders. The parties agree that protective orders may be necessary to govern the use and disclosure of any non-party witness' personal and confidential information and any of the Defendant's confidential and proprietary business information. Should any such document or information be subject to production, the parties agree that they will use their best efforts to reach an agreement to govern the production and use of any such document or information.

5. The parties are cooperating with each other and believe most issues between them can be resolved without Court intervention.

6. At this time, there are no additional orders from the Court that are necessary or which should be entered under Rule 26(c).

7. 8. Settlement. The parties were unable to resolve this matter in their conference.

Respectfully submitted,

Chris R. Miltenberger
State Bar No. 14171200
chris@crmlawpractice.com
LAW OFFICE OF CHRIS R. MILTENBERGER
1340 N. White Chapel, Suite 100
Southlake, Texas 76092
Phone: (817) 416.5060  FAX (817) 416.5062

By: /s//Chris R. Miltenberger
*Attorney for Plaintiffs*


Kelly Utsinger
State Bar No. 20416500
kelly.utsinger@uwlaw.com
Jennie C. Knapp
State Bar No. 24069350
jennie.knapp@uwlaw.com

UNDERWOOD LAW FIRM, P.C.
P. O. Box 9158
Amarillo, Texas 79105-9158
(806) 376.5613  FAX (806) 379.0316

By:  /s// Kelly Utsinger
*Attorneys for Defendant*

# PROPOSED SCHEDULING ORDER DEADLINES

The following actions shall be completed by the date indicated.[1] (The times indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes).

May 13, 2014  
(1 week after mgmt conf.)     Deadline for motions to transfer

June 17, 2014  
(6 weeks after mgmt conf.)     Deadline to add parties

May 2014     If parties plan to mediate, state date parties propose. (Should be as early as possible to avoid expense.)

July 15, 2014  
(10 weeks after mgmt conf.)     Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b)

July 29, 2014  
(12 weeks after mgmt conf.)     Deadline for Plaintiffs to file amended pleadings (A motion for leave to amend is not necessary.)

August 12, 2014  
(14 weeks after mgmt conf.)     Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b)  
Deadline to object to any other party's expert witnesses.

6 weeks after disclosure expert is made     Objection shall be made as a motion to strike or limit of an expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection

August 12, 2014  
(14 weeks after mgmt conf.)     Deadline for defendant's final amended pleadings (A motion for leave to amend is not necessary.)

August 12, 2014  
(14 weeks after mgmt conf.)     Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions.

October 21, 2014  
(24 weeks after mgmt conf.)     All discovery shall be commenced in time to be completed by this date.

February 03,2015  
(5 weeks before docket call)     Notice of intent to offer certified records

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

Preponed Scheduling Order Deadlines

| February 03, 2015<br>(5 weeks before docket call) | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* Local Rule CV-16(b) and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
|---|---|
| February 10, 2015<br>(4 weeks before docket call) | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which can not be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections. |
| February 17, 2015<br>(3 weeks before docket call) | Motions in limine due<br>File Joint Final Pretrial Order. (See Local Rules – Appendix D) |
| February 24, 2015<br>(2 weeks before docket call) | Response to motions in limine due[3]<br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[4] (This does not extend deadline to object to expert witnesses.)<br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law) |
| Date will be set by Court. Usually within 10 days prior to docket call. | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |
| March 12, 2015 | Docket call and Final Pretrial at 9:00 a.m. by video. Date parties should be prepared to try case.<br><br>Provide court with two copies of Exhibit list, using form from District Clerks Office. Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pre-trial Order, but may have some deletions depending on rulings on objections. |

| | |
|---|---|
| <u>March 16, 2015</u> | 9:00 a.m. Jury selection and trial before Judge Clark. Case will then be tried in order with other cases on the docket. Depending on disposition of other cases on court's docket, jury selection may be the following week. About a month before docket call, counsel may wish to consult with counsel for the other cases on the September docket to determine whether their cases are likely to settle. |

Preponed Scheduling Order Deadlines